UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBINSON,

        Plaintiff,               Case Number 4:13-cv-14752
                                                      Honorable Linda V. Parker

v.

OFFICER NEAL DONOVAN,
OFFICER ROBERT CAVETT,
DET. SGT. JAMES BALDWIN,
SGT. JAMES DALY, and OFFICER
JOHN DOE,

        Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO STAY [ECF NO. 48]; (2)ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 43]; AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 30]**

      Plaintiff Thomas Robinson ("Plaintiff"), a pro se litigant, commenced this civil rights action against Defendants pursuant to 42 U.S.C. § 1983 on November 18, 2013.  On May 28, 2014, the Honorable Denise Page Hood reassigned this matter to the undersigned pursuant to Administrative Order 14-AO-030.  (ECF No. 25.)  On September 10, 2014, Defendants filed a motion for summary judgment. (ECF No. 30).  This Court has referred Plaintiff's lawsuit to Magistrate Judge David Grand "for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or report and

recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 39.)

On March 24, 2015, Magistrate Judge David Grand issued a Report and Recommendation ("R&R") in which he recommends that this Court grant Defendants' motion. (ECF No. 43). At the conclusion of his R&R, Magistrate Judge Grand informs the parties that they have fourteen days to file objections to the R&R and that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*. at 18, citations omitted.) Plaintiff filed objections on April 19, 2015. (ECF No. 46.) On May 8, 2015, Plaintiff also filed a "Motion to Stay Proceedings in Lieu of Production of Records/Audio/Video/Documents." (ECF No. 48.) That motion has been fully briefed. (ECF Nos. 50, 51.) For the reasons set forth below, the Court denies Plaintiff's motion to stay, rejects Plaintiff's objections to Magistrate Judge Grand's March 24, 2015 R&R, adopts the R&R, and grants Defendants' summary judgment motion.

## Background

Plaintiff's Complaint arises from an incident on September 19, 2011, at the Hometown Inn in Flint Township, Michigan. Plaintiff claims that he was harassed and arrested by Defendants based on retaliatory and racial motivation and due to the exercise of his constitutionally protected right to free speech. The incident, in addition to Plaintiff's subsequent charges and plea, are set forth in detail in

Magistrate Judge Grand's R&R. (ECF No. 43 at 1-5.) Plaintiff is suing the following Flint Township Police Department officers in their individual capacities: Patrol Officers Neal Donovan and Robert Cavett ("Officer Donovan" and "Officer Cavett", respectively); Detective Sergeant James Baldwin ("Sergeant Baldwin"); Sergeant James Daly ("Sergeant Daly"), and Officer John Doe.

In his R&R, Magistrate Judge Grand concludes that Sergeant Baldwin should be dismissed because Plaintiff fails to establish that he was physically present or involved in the conduct that gives rise to this lawsuit. (*Id*. at 8.) Magistrate Judge Grand next recommends dismissal of Plaintiff's wrongful detention and false arrest claim, concluding that they are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Magistrate Judge Grand recommends dismissal of Plaintiff's selective enforcement claim also based on *Heck*. (*Id*. at 10.) Alternatively, the magistrate judge concludes that the claim lacks merit because Plaintiff was not similarly situated to the individuals he asserts were treated more favorably and because he fails to make the requisite showing of discriminatory effect. (*Id*. at 10-12.)

As to Plaintiff's excessive force claim, Magistrate Judge Grand concludes that Officer Cavett did not use excessive force "in light of the inherently dangerous situation he was facing." (*Id*. at 13.) In reaching this conclusion, the magistrate judge notes that the officers arrived on the scene in response to a reported

3

abduction and Plaintiff "fit the description of one of the alleged abductors."[1] (*Id.*) Magistrate Judge Grand concludes that there is no evidence suggesting that the officers' arrest of Plaintiff was retaliatory. (*Id.* at 14-15.) Specifically, Magistrate Judge Grand finds no evidence to suggest that the officers arrested Plaintiff because "he was exercising his First Amendment right to free speech or that, in the absence of his alleged protected conduct, they would not have taken the same actions." (*Id.* at 15.)

Turning to Plaintiff's claim that the length of his detention was unconstitutional, Magistrate Judge Grand finds that Plaintiff's assertion of how long he was detained is "entirely unsupported by the record." (*Id.* at 16.) Magistrate Judge Grand indicates that Plaintiff's assertion that Defendant Officer John Doe verbally intimidated him is not cognizable under § 1983. (*Id.* at 17, citations omitted). Finally, having found no constitutional violations, Magistrate Judge Grand rejects Plaintiff's claims against Sergeant Daly based on his supervisory role over the other officers. (*Id.* at 17.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the district court judge must "make a de

---

[1] This Court does not believe the record supports this factual finding made by the magistrate judge. As set forth *infra*, however, it does not impact the correctness of the magistrate judge's analysis of Plaintiff's claims.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This includes the district court judge's duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A court must construe a pro se litigant's submissions liberally and interpret them in a manner to raise the strongest arguments they suggest. *See Kirkland v. Cablevision Sys.*, 760 F. 3d 223, 224 (2d Cir. 2014); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, general objections, or those merely restating arguments previously presented, do not sufficiently identify alleged errors on the part of a magistrate judge. *Watkins v. Tribley*, No. 09-14990, 2011 WL 4445823, at *1 (E.D. Mich., Sept. 26, 2011). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections are entitled to de novo review, not those objections that are "frivolous, conclusive or

general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted).

### Plaintiff's Objections

Plaintiff's seventeen page filing (titled as a motion) does not concisely state objections or specifically identify the portion of the magistrate judge's R&R to which objection is made. Instead, Plaintiff mostly reiterates the original arguments he made in response to Defendants' summary judgment motion.

Although Plaintiff's objections fall into the category of a general objection that does nothing more than disagree with the conclusions reached by Magistrate Judge Grand and summarizes positions that were argued before, the Court notes that Plaintiff has loosely identified the following in his objections. First, Plaintiff argues that the *Heck* doctrine does not bar his claim of wrongful detention, false arrest, or selective enforcement. Governing Supreme Court and Sixth Circuit precedent establishes, however, that Magistrate Judge Grand correctly concluded (for the reasons set forth in his R&R) that Plaintiff's plea to conspiracy to commit disorderly conduct bars an award of damages on those claims, absent reversal of the convictions on appeal or some other action rendering the conviction or sentence invalid. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The Supreme Court in *Heck* cites a time-honored principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding

criminal judgments." *Heck,* 512 U.S. at 484.  Plaintiff was detained, arrested and convicted of criminal charges.  The pleadings confirm that Plaintiff views this case as a means of contesting the lawfulness of his conviction.  Under *Heck*, the claims of wrongful detention, false arrest, and selective enforcement may not be pursued while Plaintiff's convictions remain outstanding.  Plaintiff has neither alleged nor produced evidence that he has successfully challenged his conviction.   Therefore, his claim of wrongful detention, false arrest, and selective enforcement cannot proceed, as Magistrate Judge Grand concluded.

    Next, Plaintiff argues that he can satisfy all of the elements of his selective enforcement claim: that (1) a person belonging to an identifiable group has been singled out for prosecution, where similarly situated persons not belonging to that group were not prosecuted; (2) the prosecution was initiated with a discriminatory purpose; and (3) the prosecution had a discriminatory effect on the group to which the defendant belongs. *Mitchell v. Boelcke*, 440 F.3d 300, 305 (6th Cir. 2006). Plaintiff argues that Officer Cavett singled out Plaintiff and exhibited a reckless or callous disregard of Plaintiff's rights, and that Plaintiff was not afforded equal treatment or protections because Officer Cavett used a racial slur against him. Plaintiff contends that the women in the motel room should have been charged with drug possession, but were not because they are white.  Plaintiff then asserts

7

that an "adverse and discriminatory effect on black people necessarily follows from racial references [sic]." (ECF No. 46 at 14.)

The Court has already determined that Plaintiff's claim for selective enforcement is barred by the *Heck* doctrine, so an analysis of whether he can show the elements of the claim under *Mitchell* is unnecessary and would not produce a different outcome. Nevertheless, Plaintiff cannot satisfy his burden of proof because the women, in fact, were arrested and charged, albeit on other charges. Furthermore, as described in the R&R, the women were not similarly situated to Plaintiff based on the evidence available to the officers at the time which supported Plaintiff's drug charge. (*See* R&R at 11.) Therefore, Plaintiff's objection is overruled.

Plaintiff also asserts that his excessive force claim is "substantiated by substantive law and is not barred by [the] Heck rule." (ECF No. 46.) Magistrate Judge Grand did not apply the *Heck* doctrine to Plaintiff's excessive force claim. Instead, the magistrate judge made a finding that the use of force, given the volatile nature of the encounter, was not excessive. While Plaintiff cites *Thompson v. Grida*, 656 F.3d 365 (6th Cir. 2011), to argue that the force used against him was excessive, the case is distinguishable in many relevant respects.

In *Thompson*, the plaintiff and his wife went to their children's bus stop after learning from neighborhood children of a problem on the bus involving the

8

plaintiff's ten year old daughter. *Id.* at 366. When the plaintiff and his wife approached the bus stop, there were police cars present and a school bus. *Id.* They could not see their daughter but saw their fifteen year old son being held against a police car. *Id.* When the plaintiff and his wife identified themselves as the parents of the girl involved in the altercation and inquired of their daughter's whereabouts, an officer yelled repeatedly at them to "get back." *Id.*

One of the officers then approached the plaintiff's wife. *Id.* When the plaintiff heard his wife yell, "don't hit me, don't put your hands on me", he stepped in between his wife and the officer. *Id.* The officer then grabbed the plaintiff and began to kick him on his right side and groin. *Id.* The plaintiff then was sprayed in the face with pepper spray by another officer, hit across the face, his glasses were knocked off, and he was sprayed with pepper spray again directly in the eye. *Id.*

Thus the officers in *Thompson*, unlike the officers in this case, were not dealing with an individual suspected of engaging in a crime, who was possibly armed and dangerous. Additionally, the force used against the plaintiff in *Thompson* is far different than that which Plaintiff claims was used against him. Assuming Plaintiff's version of the events to be true, Officer Cavett grabbed Plaintiff, thrust him against a wall, and handcuffed him. As Magistrate Judge Grand found, these actions were necessary to prevent Plaintiff from closing the

9

motel room door and to effectuate Plaintiff's swift detention. This Court accepts the magistrate judge's finding that the force used was reasonable, as a matter of law, and therefore, overrules Plaintiff's objection.

With respect to his claim based on the length of his detention, Plaintiff argues that his detention should have lasted no longer than was necessary for the officers to confirm and dispel the purpose of their arrival. He claims his constitutional rights were violated because he was not released when the officers' investigation revealed that the report of the women's abduction was false. According to Plaintiff, his detention was excessive under the substantive law of *Terry v. Ohio*, 392 U.S. 1 (1968), and *People v. Bloyd*, 292 N.W.2d 546 (Mich. Ct. App. 1980).[2] (ECF No. 46 at 10.) Plaintiff's claim under *Terry* and *Bloyd* fails for two reasons. First, when they detained Plaintiff, the officers were not investigating suspicious behavior; they were responding to a reported crime. Second, briefly following Plaintiff's detention, the officers established evidence of other crimes justifying his arrest. In short, Plaintiff's detention was not unlawful, regardless of whether it lasted two or four hours.

---

[2] Plaintiff originally claimed that the officers held him for four hours. As noted by Magistrate Judge Grand, however, the evidence shows that Plaintiff was detained for only two hours before being transferred to the county jail. (ECF No. 43 at 5.) Plaintiff therefore now argues that even a two hour detention is unreasonable under the law.

10

**Plaintiff's Motion to Stay**

In his motion, Plaintiff asks the Court to refrain from deciding Defendants' summary judgment motion until Plaintiff has obtained certain discovery information. Plaintiff did not claim a need for discovery in order to address the arguments raised in Defendants' motion in his fifty-nine page pleading submitted in response to the motion. In any event, the deadline for discovery in this matter closed before Defendants' motion was filed. (*See* ECF No. 18.) Prior to that time, Plaintiff never filed a motion seeking discovery from Defendants. The only discovery motion Plaintiff filed related to documents he sought to obtain from a third party- the 67th District Court. Finally, the discovery Plaintiff now seeks would not provide evidence that would alter the outcome of his claims.

**Conclusion**

For the reasons discussed above, the Court is denying Plaintiff's motion to stay adjudication of Defendants' summary judgment motion to allow Plaintiff to conduct additional discovery. For the reasons discussed above and in Magistrate Judge Grand's March 24, 2015 R&R, the Court holds that Defendants are entitled to summary judgment with respect to all of Plaintiff's claims. The Court therefore adopts the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay (ECF No. 48) is **DENIED**;

**IT IS FURTHER ORDERED** Defendants' motion for summary judgment (ECF No. 30) is **GRANTED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: July 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 27, 2015, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager