UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBINSON,

        Plaintiff,        Case Number 4:13-cv-14752
                                 Honorable Linda V. Parker

v.

OFFICER NEAL DONOVAN, ET AL.,

        Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 56] AND "MOTION TO ALTER/AMEND JUDGMENT AND/OR MOTION FOR RELIEF FROM JUDGMENT OR ORDER" [ECF NO. 61]

Plaintiff, a *pro se* litigant, commenced this civil rights action against Defendants pursuant to 42 U.S.C. § 1983 on November 18, 2013. The matter was referred to Magistrate Judge David Grand for all pretrial proceedings and, on March 24, 2015, Magistrate Judge Grand issued a report and recommendation ("R&R") in which he recommended that this Court grant a motion for summary judgment filed by Defendants. Plaintiff filed objections to the R&R. In an opinion and order entered July 27, 2015, this Court adopted Magistrate Judge Grand's recommendation and entered judgment in favor of Defendants. Presently before the Court are two motions subsequently filed by Plaintiff.

In his first motion, filed August 7, 2015, Plaintiff seeks "leave to amend his complaint, based on additional authorities which demonstrate the magistrate's [R&R] was incorrect . . . ." (ECF No. 56.)  The Court construes the motion as one for reconsideration under Eastern District of Michigan Local Rule 7.1.  In his second motion, filed August 27, 2015, Plaintiff seeks to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(2) and/or (6).  (ECF No. 61.)  For the reasons that follow, the Court denies Plaintiff's motions.

## Applicable Standards

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).  "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637

(E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).  Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *Id*.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' "  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S. Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  As several judges in this District have stated,

> "[Rule 59(e)] motions . . . are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."

*Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich.1997), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999)).  " 'A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of

scarce judicial resources.' " *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Ltd. Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b)(2) allows a court to grant relief based on "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies" it; however, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

## Analysis

In his motions, as he did in his objections to Magistrate Judge Grand's R&R, Plaintiff mostly reiterates the original arguments he made in response to Defendants' summary judgment motion. He does not present new evidence which would warrant a different treatment of his claims. He continues to argue that the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar the claims as ruled upon by the Court. The Court has addressed those arguments already.

In his second filed motion, Plaintiff argues that he has been denied his right of access to the courts because this Court did not address his First Amendment

retaliation claim in its July 27, 2015 decision. The Court, however, only addressed those issue raised by Plaintiff in his objections to Magistrate Judge Grand's R&R. Plaintiff did not challenge the magistrate judge's analysis of his First Amendment retaliation claim in his objections. (*See* ECF No. 46.) In any event, Plaintiff fails to now demonstrate that the analysis was flawed.

In short, in his pending motions, Plaintiff simply reasserts his previous arguments and argues that the Court just got it wrong. This is insufficient to entitle him to relief under Local Rule 7 or Federal Rules of Civil Procedure 59(e) or 60(b).

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for reconsideration (ECF No. 56) is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Alter/Amend Judgment and/or Motion for Relief from Judgment or Order (ECF No. 61) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Date: October 15, 2015